|  |  |
|---|---|
| COUNTY OF BEAUFORT | IN THE COURT OF COMMON PLEAS |
| PETER DEMARCO, and LINDA DEMARCO<br>Plaintiff(s)<br>vs.<br>DIRECTV, INC.; DIRECTV, LLC; THE DIRECTV GROUP, INC.; MASTEC, INC.; MASTEC ADVANCED TECHNOLOGIES; and MASTEC NORTH AMERICAS, INC.<br>Defendant(s) | CIVIL ACTION COVERSHEET<br><br>2014-CP - 07- 02117 |

| | |
|---|---|
| Submitted By: PATRICK W. CARR | SC Bar #: 15585 |
| Address: BERRY & CARR | Telephone #: (843) 686-5432 |
| 2 Spanish Wells Road | Fax #: (843) 785-6173 |
| Hilton Head Island, SC 29926 | Other: (843) 816-2731 |
| | E-mail: patrick@hiltonheadlawyers.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.  ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☒ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☒ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: /s/    Date: August 22, 2014

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (04/2012)    Page 1 of 2

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BEAUFORT | ) | FOURTEENTH JUDICIAL CIRCUIT |
| PETER DEMARCO, and LINDA DEMARCO, | ) | C/A NO.: 2014-CP-07-_02117_ |
| Plaintiffs, | ) | |
| v. | ) | SUMMONS |
| DIRECTV, INC.; DIRECTV, LLC; THE DIRECTV GROUP, INC.; MASTEC, INC.; MASTEC ADVANCED TECHNOLOGIES; and MASTEC NORTH AMERICAS, INC.; | ) | |
| Defendants. | ) | |

2014 AUG 28 PM 2:46

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

/s/ Patrick W. Carr

Patrick W. Carr, Esquire
SC Bar No. 15585; Fed. I.D. No. 07190
BERRY & CARR
Attorneys at Law
2 Spanish Wells Road
Hilton Head Island, SC 29926
Phone: (843) 686-5432
Facsimile: (843) 785-6173
E-mail: patrick@hiltonheadlawyers.com
*Attorneys for Plaintiff*

Dated: August 22, 2014
Hilton Head Island, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF BEAUFORT ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| PETER DEMARCO, and ) | C/A NO.: 2014-CP-07-02117 |
| LINDA DEMARCO, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| DIRECTV, INC.; DIRECTV, LLC; THE ) | |
| DIRECTV GROUP, INC.; MASTEC, ) | |
| INC.; MASTEC ADVANCED ) | |
| TECHNOLOGIES; and ) | |
| MASTEC NORTH AMERICAS, INC.; ) | |
| ) | |
| Defendants. ) | |

Plaintiffs, Peter Demarco and Linda Demarco, complaining of the Defendants named herein, respectfully allege the following:

### JURISDICTION, PARTIES, AND FACTUAL BACKGROUND

1. Plaintiff, Peter Demarco, (hereinafter referred to as "Peter"), is a citizen and resident of Beaufort Count, South Carolina.

2. Plaintiff, Linda Demarco, (hereinafter referred to as "Linda"), is a citizen and resident of Beaufort County, South Carolina.

3. Defendants, DIRECTV, Inc., DIRECTV, LLC, and The DIRECTV Group, Inc. (hereafter collectively referred to as "DIRECTV") are, upon information and belief, a publicly traded foreign corporate entities which transact business within Beaufort County, South Carolina.

4. Defendants, Mastec, Inc., Mastec Advanced Technologies, and Mastec North Americas, Inc., (hereafter collectively referred to as "Mastec") are, upon

information and belief, all publicly traded foreign corporate entities which transact business within Beaufort County, South Carolina.

5. Upon information and belief, each and all of the Defendants herein enjoy a close corporate relationship such as a parent, sister, subsidiary, affiliate, or other related entity combination.

6. Upon information and belief each and all of the Defendants herein enjoy an amalgamation of interests with respect to their business activities in Beaufort County, South Carolina, and in particular, with respect to Plaintiffs' satellite television service, such that each and all of the Defendants are to be treated as one and the same in this action.

7. Each and all of the Defendants are actively engaged in the provision, marketing, installation, servicing, and promotion of DirecTV residential satellite television services in Beaufort County South Carolina, and in particular, for Plaintiffs herein.

8. Each and all of the Defendants herein voluntarily and willingly signed up Plaintiffs as customers for residential satellite television services.

9. Each and all of the Defendants enjoy substantial revenues and profits from their business activities in Beaufort County, South Carolina.

10. This action is timely brought, and all necessary and proper parties are joined herein.

11. This court has jurisdiction over the parties and subject matter herein, and venue is proper in the Beaufort County Court of Common Pleas.

12. All allegations above and below are restated and incorporated fully as to each cause of action raised herein.

13. On or about September 6, 2011, Plaintiffs were customers of Defendants as subscribers to DIRECTV service.

14. Prior to this date, Plaintiffs had been experiencing problems with their DIRECTV service and it was not functioning properly.

15. Plaintiffs made repeated requests to Defendants to send a technician to diagnose and repair the broken service.

16. Despite Plaintiffs' requests for help, Defendants refused to send an employee to Plaintiffs' residence unless Plaintiffs attempted to fix the problem themselves first.

17. Plaintiff Peter Demarco advised Defendants of his age and health risks and stated he did not want to crawl on the ground under the television cabinet to fix the equipment because he feared he would be injured in his attempt.

18. Defendants still insisted that Peter attempt to fix the problem himself before they would render assistance, and he ultimately capitulated.

19. When Peter bent down to handle the DIRECTV equipment, he suffered a severe injury to his right knee and was transported by ambulance to Hilton Head Hospital.

20. Peter was transferred to Beaufort Memorial Hospital for evaluation by an orthopedic specialist and emergent arthroscopic surgery.

21. Peter was forced to try and fix problems with his DIRECTV service that were created by Defendants herein against his wishes.

22. The problems associated with Plaintiffs' DIRECTV service were caused by Defendants herein due to their faulty installation and workmanship at Plaintiffs' home in the first place.

23. There is a "User Guide" adopted by the Defendants herein that provides in pertinent part as follows: "Have your DIRECTV receiver professionally serviced (do not attempt to service it yourself)" and "attempted self-repair may also void your warranty" and "refer all servicing to qualified service personnel."

24. The above policies were adopted in part for the safety and well being of Defendants' customers such as Plaintiffs herein, but Defendants failed to follow their own "User Guide" directives under these circumstances with Plaintiffs.

## FOR A FIRST CAUSE OF ACTION
### (General Negligence)

24. At all times herein, Peter was exercising due care for his own safety.

25. At the time of the incident, Defendants owned and had responsibility for maintaining all DIRECTV equipment used under contract by Plaintiffs.

26. Defendants, as providers and installers of satellite television service in South Carolina, have a duty to refrain from exposing customers to unnecessary risk of harm or injury.

27. Defendants also have a duty to install all equipment properly so that customers will not have to diagnose and repair malfunctions themselves, putting them at risk for injury.

28. The Defendants herein further owe and voluntarily undertook duties of due care with respect to Plaintiffs in order to provide safe and proper installation of

satellite television service within Plaintiffs' home, and also with respect to adopting and enforcing safe and proper customer service and repair protocols.

29. Each and all of the Defendants herein negligently, willfully, wantonly, recklessly, and with gross negligence, breached their duties of due care owed to Plaintiffs in one or more of the following ways:

    a. By failing to install and maintain all DIRECTV equipment in Plaintiff's possession in working order;

    b. By refusing to render technical assistance when Defendants' equipment malfunctioned and Plaintiff repeatedly requested help;

    c. By insisting that Plaintiff Pete Demarco put himself at risk for injury by attempting to repair the equipment himself before Defendants would investigate or diagnose the problem;

    d. By failing to hire, employ, contract with, or to adequately train and/or supervise persons knowledgeable in installing, maintaining, diagnosing, and repairing satellite television equipment;

    e. By failing to recognize and appreciate warnings provided to them by their customer who was known to be in fragile health condition;

    f. By insisting that their customer unnecessarily expose himself to risk of harm or injury;

  g. By failing to adopt and follow safe and proper customer service protocols;

  h. By failing to follow their own User Guide directives;

  i. By failing to exercise the amount of care that a reasonably prudent satellite service provider would exercise under the same circumstances; and,

  j. In such other and further particulars to be demonstrated at trial.

30. As a direct and proximate result of the careless, negligent, grossly negligent, reckless, wanton, and willful conduct of the Defendants described herein, Peter has suffered injuries and damages of a serious and permanent nature, including some or all of the following:

  a. Physical injury;

  b. Medical expenses, including physicians, hospital, medicines, physical therapy expenses, rehabilitation expenses and transportation expenses connected with medical treatment;

  c. Future damages resulting from permanent injuries;

  d. Permanent impairment of health;

  e. Mental anguish;

  f. Mental distress;

  g. Fear and anxiety;

  h. Emotional injury;

  i. Loss of consortium;

  j. Pain and suffering;

      k. Loss of enjoyment of life;

      l. All past, present, and future;

      m. And other particulars to be demonstrated by the evidence produced at trial.

31. Plaintiffs Peter Demarco and Linda Demarco are entitled to judgment against each and all of the Defendants herein, jointly and severally, for actual damages, for punitive damages, for the costs of this action, for prejudgment interest, for post judgment interest, and for such other and further relief as this Court may deem just and appropriate.

## FOR A SECOND CAUSE OF ACTION

### (Loss of Consortium)

32. The content of the preceding paragraphs is fully restated and incorporated herein.

33. At all times herein, Linda Demarco (Linda) is and was the lawful spouse of the injured Peter Demarco.

34. As a direct and proximate result of the negligent acts and omissions of the Defendants previously outlined herein, Linda has suffered damages as loss of consortium.

35. Linda's losses include, but are not limited to, loss of the comfort, society, love, affection, support, services, guidance, solace, companionship, and other spousal benefits she previously enjoyed with her spouse prior to his injuries suffered at the hands of the Defendants on September 6, 2011.

36.  Plaintiff Linda Demarco is entitled to judgment against each and all of the Defendants herein, jointly and severally, for actual damages, for punitive damages, for the costs of this action, for pre judgment interest, for post judgment interest, and for such other and further relief as this Court deems just.

**WHEREFORE**, having raised their Complaint, Plaintiffs, Peter Demarco and Linda Demarco, pray for judgment against each and all of the Defendants, DIRECTV, Inc., DIRECTV, LLC, The DIRECTV Group, Inc., Mastec, Inc., Mastec Advanced Technologies, and Mastec North Americas, Inc., jointly and severally, for actual damages, for punitive damages, for the costs of this action, for pre-judgment interest on their special damages, for post-judgment interest, and for such other and further relief as this Court deems just and appropriate.

Dated: August 20, 2014

Hilton Head Island, South Carolina

Patrick W. Carr, Esquire
SC Bar No. 15585; Fed. I.D. No. 07190
BERRY & CARR
Attorneys at Law
2 Spanish Wells Road
Hilton Head Island, SC 29926
Phone: (843) 686-5432
Facsimile: (843) 785-6173
E-mail: patrick@hiltonheadlawyers.com
*Attorneys for Plaintiffs*